## SUMNER J. RICE *vs.* THE COMMONWEALTH.

It is not required by the Rev. Sts. c. 126, § 19, that the court, in order to warrant the sentence therein prescribed for a person convicted of larceny, who has been previously convicted of the like offence, should adjudge him, in terms, to be a common and notorious thief.

WRIT OF ERROR to reverse a judgment rendered by the court of common pleas, in the county of Berkshire, at February term 1845. At that term, the plaintiff in error was indicted for stealing an overcoat, of the value of fifteen dollars; and it was alleged, in the indictment, that he had previously been convicted, viz. in June 1843, of stealing a horse, of the value of one hundred dollars. He was convicted of stealing the overcoat, and the court, without adjudging him in terms, to be a common and notorious thief, sentenced him to solitary confinement for the term of two days, and confinement afterwards to hard labor, for the term of three years, in the state prison.

The errors assigned were these : "That said judgment is excessive and illegal, in that it exceeds the due measure of punishment prescribed by law for the offence of which the plaintiff stood convict. That said judgment is generally erroneous and void.

*G. Bemis*, for the plaintiff in error.

*S. D. Parker*, for the Commonwealth.

DEWEY, J.   The punishment awarded in the present case was excessive, if it be taken to be solely with reference to the offence charged upon the prisoner of feloniously stealing an overcoat of the value of fifteen dollars.   But the indictment also alleges that the defendant had been convicted of the crime of larceny at a former term of the court of common pleas; and it is contended, in behalf of the Commonwealth, that upon this additional allegation, and a due conviction thereon, the sentence was well authorized.   And the Rev. Sts. *c.* 126, § 19, sustain this view as to the extent of the punishment, authorizing, as they do, a sentence of imprisonment, in such cases, for any term not exceeding twenty years.

But the plaintiff in error then insists that this judgment must be held erroneous, because the punishment is less than that required by the statute.   This objection, if well founded in point of fact, would, under our decisions, be fatal to the judgment, and require us to reverse it.   The single inquiry therefore is, whether such error exists.   It is supposed to arise from the omission to incorporate, as a formal part of the sentence, the declaration that the party "be deemed a common and notorious thief."   It is true that § 19, already referred to, provides that every person, who shall have been convicted of a larceny, with the aggravating circumstance of a conviction, at a former term of the court, of a similar offence, "shall be deemed a common and notorious thief, and shall be punished by imprisonment in the state prison not more than twenty years, or in the county jail not more than three years."   It is also true that the more general form of sentence, in cases like the present, (and especially in another class of cases falling under the same section, viz. cases of three convictions of larceny at the same term,) has been to prefix to the sentence awarding the punishment, that the party "is adjudged to be a common and notorious thief."   It is very easy to perceive how this form came to be adopted originally.   The earlier statute upon this subject seems, from its language, to have required such form of sentence.   The

*St.* of 1804, *c.* 143, § 3 — which was the law prescribing the sentence and punishment in cases of this nature, up to the period of the enactment of the revised statutes, in 1835 — provided that " every such offender shall be punished as a common and notorious thief," &c. This phraseology is changed in the revised statutes, and that adopted which I have already quoted.

Whatever may have been required as to making the declaration, that the party " is a common and notorious thief," a part of the sentence, under the former law, we are of opinion that no such requirement is found in the Rev. Sts. *c.* 126, § 19 ; the words, " shall be deemed a common and notorious thief," being satisfied by the legislative declaration that a conviction of larceny, under certain circumstances, shall constitute the person a common and notorious thief, and requiring the court to punish such offender by imprisonment for a term not more than twenty years in the state prison, or in the county jail not more than three years. The fact of such conviction does, of itself, by force of the statute, render the party a common and notorious thief. The language here used is very similar to that found in various other provisions of the statutes, as to which we suppose the only sentence has been one declaring the term of imprisonment ; as in Rev. Sts. *c.* 125, § 11, " if any person shall assault another with intent to murder, or to maim or disfigure his person, he shall be deemed a felonious assaulter, and shall be punished by imprisonment in the state prison not more than ten years," &c. Or, § 14, " if any person, being armed with a dangerous weapon, shall assault another, with intent to rob or murder, he shall be deemed a felonious assaulter, and shall be punished," &c. Or, § 16, " if any person, not being armed with a dangerous weapon, shall assault another with intent to rob or steal, he shall be deemed a felonious assaulter, and be punished," &c. Or, § 19, " if any person shall assault a female with intent to commit the crime of rape, he shall be deemed a felonious assaulter, and shall be punished," &c. These, and similar provisions in other cases, were also,

substantially, in the earlier statutes, enacted at a period long before that of the revised statutes, and have always, it is supposed, been taken to require only the declaration of the punishment in the sentence awarded. The revised statutes having adopted similar language in all these cases, including that of a conviction of two larcenies at different terms, or three larcenies at the same term, it seems to us that it is not absolutely requisite to a full and proper sentence, in such cases, that there be prefixed to the sentence of imprisonment the declaration, that the party is deemed a common and notorious thief. Such declaration, if added, would not in any degree invalidate the sentence, as it would only be setting forth, upon the record, the effect which the law has declared shall follow from a conviction of that nature, and under such circumstances. But, not being absolutely required, its omission furnishes no legal ground for reversing a judgment. The party has nothing to complain of, upon the ground of deficiency in the punishment awarded to his crime. If the judge has omitted to declare the effect of his conviction to be, that thereby he is deemed to be a common and notorious thief, the statute law of the land has thus declared, and his conviction is followed with punishment, by imprisonment for the aggravated crime, and for his repeated offences.

It was suggested, upon the argument, that the contrary doctrine was held in the case of *Haggett v. The Commonwealth*, 3 Met. 457. But the real question there was, as to the necessity of having one consolidated judgment upon three convictions for larceny at the same term, or whether it was competent for the court to punish for each offence separately. There had been three separate convictions, and three separate punishments awarded; and this the court held was irregular, and that only one judgment and one sentence should have been passed upon the party convicted. In the case at bar, there was one consolidated judgment and sentence, and the only error complained of is the omission to declare, as a part of that sentence, that the party was deemed a common and notorious thief. This omission, for the reasons already

assigned, we do not think so far a material one as to require us to reverse the judgment on that account.

*Judgment affirmed.*